06-60420.ob

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-60420-CIV-COOKE-BROWN

JAMES VENTURES, L.P., et al.,

    Plaintiffs,

vs.

TIMCO AVIATION SERVICES, INC.,

    Defendant.
_____/

### ORDER RE: MOTION TO DISMISS OF ROBERT ALPERT

**THIS MATTER** is before the Court on Motion to Dismiss Timco's Counterclaims and Third - Party Complaint Against Robert Alpert, filed October 18, 2006. The Court has considered the motion, the response, the reply and all pertinent materials in the file.

The first issue raised is the applicability of Delaware law vs. Florida law. However, the Court, for the purposes of this motion, disagrees. Since the question, initially, is the sufficiency of the pleading, the Court finds that Federal law applies. Pleading is procedural, not substantive and therefore only the pleading requirements of federal law govern. See Caster v. Hennessey, 781 F. 2d 1569,1570 (11th Cir. 1986).

The motion addresses a failure of allegations in the pleadings. It states "Timco must plead and prove each of the elements of a breach of fiduciary duty claim" (page 5 of the motion). However, it relies on state law for pleading rather than federal law. Indeed it quotes a Florida Supreme Court case for the proposition that "[T]o state a claim for fiduciary duty in Florida, a plaintiff must allege..." (Id.) While a correct recitation of the case, it is inapplicable in this case -

1

at the pleading stage.

The Court finds that under FRCP 8(a), the counterclaim/third party claim suffices. Thus the dispute about whether Delaware law applies or Florida law applies need not be resolved at this time. The same is true about whether or not materiality or causation is required - though interestingly, Alpert ignores paragraph 24 of the counterclaim/third party claim...even when addressed in the memorandum in opposition. Therefore the claim for breach of a fiduciary duty will be allowed to proceed.

There are two "counts" alleged against Alpert - the one for breach of fiduciary duty addressed, supra, and one for "wrongful act". This Court finds there is no cause of action for wrongful act. Indeed the footnote cited by Timco clearly states that "[T]he wrongful act doctrine does not create a separate cause of action". See Southland Construction, Inc. v.Greater Orlando Aviation, 860 So. 2d 1031, 1038 n.4 (Fla. 5th DCA 2003). However, it is available as an element of additional damages.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby Ordered and Adjudged as follows:

1. Said motion to dismiss be and the same is hereby **DENIED**.

2. As a separate count the wrongful act claim is dismissed. However, it will be permitted as an element of damages.[1]

---

[1] This Court recognizes that in so ruling the Court is applying Florida law. In the event the Court ultimately determines that Delaware law applies, this claim will be stricken (upon proper motion), as no law has been cited from Delaware to support this claim.

3. An answer to the counterclaim/third party claim shall be filed within ten (10) days from the date of this order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of January, 2007.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Marcia G. Cooke