06-60420.oc

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-60420-CIV-COOKE-BROWN

JAMES VENTURES, L.P., et al.,

    Plaintiffs,

vs.

TIMCO AVIATION SERVICES, INC.,

    Defendant.
_____/

### ORDER RE: MOTION TO DISMISS/STRIKE AND STAY OF DALE BAKER

**THIS MATTER** is before the Court on the Motion to Dismiss Timco's Counterclaim/Third Party Defendant Dale Baker, Motion to Strike...and Motion to Stay, filed September 6, 2006. The Court has considered the motion, the response, the reply and all pertinent materials in the file.

The first issue raised is the applicability of Delaware law vs. Florida law. However, as noted in another order, this Court, for the purposes of this motion, disagrees. Since the question, initially, is the sufficiency of the pleading, the Court finds that Federal law applies. Pleading is procedural, not substantive and therefore only the pleading requirements of federal law govern. See McMahan v. Toto, 256 F. 3d 1120, 1131 (11th Cir.2001); Caster v. Hennessey, 781 F. 2d 1569,1570 (11th Cir. 1986).

This motion virtually ignores the allegations of the counterclaim/third party claim and actually makes what is tantamount to a motion for summary judgment - which the Court declines to entertain at this time. While the Court accepts and recognizes that denying this motion may result in "shoulder crippling legal fees" - not one single case, statute, or other legal authority is known to this Court

1

where that is a basis for dismissal. Furthermore, while this Court fully intends to fulfill its gate-keeping function, that function is not without bounds and is exercised pursuant to applicable law. That applicable law looks, at this stage of the litigation, not at Timco's allegedly "unfounded claims", but at Timco's allegations - assuming them to be true as opposed to unfounded. "All factual allegations in the complaint must be accepted as true, and all reasonable inferences are construed in the light most favorable to the plaintiff." See, e.g., Neal ex rel Neal v. Fulton County Bd. Of Education, 229 F. 3d 1069, 1072 (11th Cir. 2000).

The Court finds that under FRCP 8(a), the counterclaim/third party claim suffices. Thus the dispute about whether Delaware law applies or Florida law applies need not be resolved at this time. The argument related to the alleged exculpatory clause in Timco's Certificate of Incorporation - not a part of the complaint but attached as an exhibit by counterclaim/third party defendant, is not appropriate for consideration in a motion to dismiss. See, e.g., St. George v. Pinellas County, 285 F. 3d 1334, 37-38 (11th Cir. 2002).

The argument regarding the Statute if limitations is equally inappropriate. A claim that an action is barred by a statute of limitations is an affirmative defense which must be properly pled and proved. With one exception not applicable here, it is inappropriate to raise same in a motion to dismiss. See, e.g., Day v. Liberty National Like Ins. Co., 122 F. 3d 1012, 1015 (11th Cir. 1997).

With regard to the claim for "wrongful act", this Court previously noted that there is no cause of action for wrongful act. "[T]he wrongful act doctrine does not create a separate cause of action". See Southland Construction, Inc. v.Greater Orlando Aviation, 860 So. 2d 1031, 1038 n.4 (Fla. 5th DCA 2003). However, it is available as an element of additional damages.

Turning to the damages claim and the request to strike, Baker wishes the Court to strike the claim for punitive damages, the claim for fees and costs for pursuing this action, and the request for imposition of a constructive trust. The claim for punitive damages, governed only by the federal rules

2

of pleading, will be allowed to stand. Both states do allow for punitive damages under appropriate circumstances. See, e.g., 2660 Woodely Road Joint Venture v. ITT Sheraton Corporation, 369 F. 3d 732, 744 (3rd Cir. 2004); Laney v. American Equity Life Ins. Co., 243 F. Supp 2d 1347, 1354 (M.D. Fla. 2003).

The same is true of the request to impose a constructive trust. Baker's argument against same fails as it is based on state pleading standards, not federal law. But more importantly, it is much ado about nothing, serving only to add to the "shoulder crippling legal fees". Baker is adamant that "the Complaint does not - and cannot - allege the benefit of any direct or indirect pecuniary benefits...received by or paid to Baker as a result of the LOC's" (page 14 of the motion). The constructive trust sought would only be applicable to said benefits. If, as Baker claims, there are none, what difference does it make if this claim remains or does not ?

The issue regarding attorney's fees is not as simple. It is arguable that the attorney's fees expended in defense of the case - if caused by the acts of Baker for which indemnity would lie - might give rise to a proper claim for damages. That would not be the case, however, as to the fees incurred in the counterclaim/third party claim, which fees, in the absence of some contract or statute, may not be recovered. The claim for said fees is not clear and to the extent it could encompass all fees, appears to be inappropriate.

Finally, there is the request to stay this claim ... not surprisingly, without any legal support. It too is based on "shoulder crippling fees" - not legal authority. While granting this request might save Baker fees, it would increase the fees of others if the claims proved meritorious, and would be contrary to the concept of judicial economy.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Said motion to dismiss be and the same is hereby **DENIED**, except as follows.

2. As a separate count the wrongful act claim is dismissed. However, it will be permitted as an element of damages.[1]

3. The claim for attorney's fees is **DISMISSED, without prejudice**. Timco Aviation Services, Inc. shall have ten (10) days from the date of this order to amend the claims for attorney's fees.

4. In all other respects, the motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of January, 2007.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Marcia G. Cooke

---

[1] This Court recognizes that in so ruling the Court is applying Florida law. In the event the Court ultimately determines that Delaware law applies, this claim will be stricken (upon proper motion), as no law has been cited from Delaware to support this claim.