06-60420.oq

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**
Miami Division

Case Number: 06-60420-CIV-BROWN

**THIS IS A CONSENT CASE**

JAMES VENTURES, L.P., et al.,

    Plaintiffs,

vs.

TIMCO AVIATION SERVICES, INC.,

    Defendant.
_____/

**ORDER DENYING MOTION TO REMOVE CASE FROM
JURY TRIAL DOCKET AND PLACE ON BENCH TRIAL DOCKET AND
GRANTING MOTION TO ORDER A JURY TRIAL UNDER FED.R.CIV.P. 39(b)**

**THIS MATTER** is before the Court on Defendant TIMCO Aviation Services, Inc.'s ("TIMCO") Motion to Remove Case From Jury Trial Docket (DE 236), and the Motion to Order a Jury Trial Under Fed.R.Civ.P. 39(b) which is contained in Plaintiffs' Response [DE 240]. The Court has considered the original Motion, the Response/Motion, the Reply, and all pertinent materials in the file.

A review of the record reveals that no party has demanded a jury trial in writing, as is required by Fed.R.Civ.P. 38(b). The Court rejects Plaintiffs' somewhat desperate attempt to "create" a written demand by reference to the Joint Motion to Set Trial Date and Pretrial Schedule, as well as their argument that the Joint Motion somehow constituted a Motion to Order a Jury Trial Under Fed.R.Civ.P. 39(b). After examining the procedural history of this case, however, the Court will consider the Motion to Order a Jury Trial Under Fed.R.Civ.P. 39(b) which is contained in Plaintiff's Response to the instant motion.

"[T]he right of jury trial is fundamental," <u>Aetna Ins. Co. v. Kennedy</u>, 301 U.S. 389, 393

1

(1937), and this Court has broad discretion in granting a Rule 39(b) motion. <u>Parrott v. Wilson</u>, 707 F. 2d 1262, 1267 (11th Cir. 1983). In determining whether to grant Plaintiffs' request, the Court will consider the following factors:

> 1) Whether the case involves issues which are best tried to a jury; 2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; 3) the degree of prejudice to the adverse party; 4) the length of delay in having requested a jury trial; and 5) the reason for the movant's tardiness in requesting a jury trial.

<u>Id.</u>

With respect to factor (1), although an apparent mistype, the statement contained in TIMCO's Reply that "[t]he issues involved - indemnification, breach of fiduciary duty, and fraud for failure to disclose - are best suited to resolution <u>by a jury</u>" (Reply p.7; emphasis added) is an accurate one. Factors (2) and (3) also weigh in favor of a jury trial, in that the case has been administratively set for jury trial since June 2, 2006.

With respect to factors (4) and (5), the length of delay in requesting a jury trial and the reason therefore, an examination of prior proceedings in this case is necessary. The docket does contain an inaccurate clerical notation dated April 17, 2006 that a jury trial was requested by TIMCO [DE 5]. On June 2, 2006, an Order Setting Civil Jury Trial Date and Pretrial Deadlines and Order Referring to Magistrate was issued by Judge Cooke. [DE 19]. After the parties consented to this Court trying this matter, at the February 22, 2007 Consent Status Conference before this Court, the Court inquired whether this case was to be tried with a jury, or non-jury. The Court has listened to the tape of that conference (which may be transcribed by any party), and when that question was posed, an attorney whom this Court cannot identify clearly answered "jury trial." No objection to that statement was made by any other counsel in attendance. Accordingly, either TIMCO's statement that "[u]ntil a little more than a week ago, JVLP and Alpert had done absolutely *nothing* to affirmatively assert that they

wanted a jury trial on their claims" (Reply p. 6) (emphasis in original) is not accurate, or alternatively, TIMCO's prior counsel made the statement.

It was not until the filing of TIMCO's Summary Judgment Brief on December 12, 2007 that current defense counsel (substituted by Order dated July 16, 2007) brought the issue of the "incorrect" designation to this Court's attention. It therefore appears that Plaintiff, and indeed perhaps prior counsel for TIMCO, were lulled into the false impression that a jury trial had been properly demanded at some point.

In sum, the Court finds that all of the factors weigh in favor of allowing Plaintiff to proceed with a jury trial on all issues so triable. Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. TIMCO Aviation Services, Inc.'s Motion to Remove Case From Jury Trial Docket [DE 236] is hereby **DENIED**.

2. The Motion to Order a Jury Trial Under Fed.R.Civ.P. 39(B) which is contained in Plaintiff's Response [DE 240] is hereby **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of February, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

3